Today's cases will be called as previously announced and the times will be as allotted to Council. The first case today is number 172214, Ms. S. v. Regional School Unit 72 and number 181004, Ms. S. v. Main Department of Education. May it please the Court, Your Honor, if I might, I'd like to reserve one minute of my time for rebuttal. Yes, you may. Thank you. When this matter was before this Court two critical fact was missing. In the winter of 2010, as the Department of Education was proposing to change the statute of limitations in its special education regulation from four years to two, there was no look-back period or filing deadline. Those terms simply did not exist, nor did the concept of having two distinct filing periods in Maine's regulation. The Procedure Act, because the mistake was not substantive. I'm sorry, can I go back? You say when the case was before us before, there was no look-back provision. Do you mean that there was no decision anywhere interpreting such language as a look-back? Is that what you mean? In 2010, there was no look-back or filing deadline. The relevant time period here, Your Honors, is in the winter of 2010, when the Department was considering the change at issue. Maine's Administrative Procedure Act is clear that an executive agency must consider all of the knowledge that's presented to it during the rulemaking. I'm sorry, you're not quite answering my question. I understand that this concept first came up with some administrative law judge during a due process hearing. Are you saying that that happened after this case first came up and after it was framed in the district court? I'm sorry, Your Honor. In 2011, an administrative hearing officer in Maine offered a view that there could be two separate points. That view, however, was after the 2010 rulemaking proceeding. It was not the view or the position of the Department. It's non-precedential, and it was frankly wrong on the law, both with respect to IDEA and the quote-unquote Chevron deference. Counsel, I understand that the Department was not formally a part of that 2011 proceeding, but certainly what happens in those administrative proceedings is certainly relevant to the responsibilities of the Department of Education. What effort did the Department make to, in effect, repudiate that 2011 decision until its intervention in these proceedings in 2017? My sense is that the Department did nothing. You're correct, Your Honor. The Department did nothing. Under IDEA, an administrative hearing officer's decision is independent of the Department and doesn't represent the view or position of the Department. In this case, we're talking about dicta, in other words, something that was not essential to the hearing officer's decision, and it occurred after... Excuse me, Counsel. Why would that decision not have alerted you to the fact that there is a problem with the regulations which you say are so transparently clear that anyone would have understood that the only regulation in place is a two-year statute of limitations provision? Surely the decision of the administrative hearing officer at least alerted the Department to the fact that there is a problem with the clarity of the regulations. No. Respectfully, Your Honor, the Department knew what it knew in 2010 when it made the decision that it made, and once that regulation was in place, how an administrative hearing officer chooses to interpret it really was not the Department's concern. Respectfully, Your Honor, administrative hearing officers and IDEA make decisions all the time that the Department disagrees with, would never have considered. Some of those decisions, as you know, come to this court or to the federal district court, and we get actual case law on the issue, but the rest of them fall by the wayside. The reality is that if you looked at all of the cases brought in 2011, I can find no case that actually uses any 4 plus 2 methodology at all. There has not been, until this case and until the district court's decision, any actual question that would suggest that it could be 4. Counsel, let me, if it's so clear that in that 2009-2010 period where the Department was attempting to amend the regulations, if the Department believed that the two provisions were in effect dealing with one subject matter, a two-year statute of limitations, why wouldn't the obvious sensible thing have been to simply eliminate the so-called look-back provision and go forward with the amendment to the statute of limitations, instead of preserving, in effect, all through the administrative rule-making procedure, the separateness of those two provisions? That insistence, that perpetuation of the separateness suggests that there was a view that, in fact, they dealt with different subject matters. Respectfully, Your Honor, I disagree. The separateness of the provisions mirrors exactly the federal regulation on point. And in 2009-2010, the U.S. Department of Education had been clear, and the Department knew, that the U.S. Department considered those two provisions together to be one statute of limitations. In 2007, the Department made a deliberate decision that main special education regulation would mirror the federal regulation, and in the rare occasion where there was any variance whatsoever, that variance would be italicized. So the decision to keep both of those provisions in place really had nothing to do with what they meant at all. It had to do with me. And, indeed, it might have caused some mischief if you had departed from the language of the federal statute that, from your point of view, you were trying to adopt. Exactly, Your Honor. We said very clearly in our notice and in our comment and in our discussions with the legislature, we wanted to go to the two-year federal statute of limitations. And the language that remained in Chapter 101 is exactly that which is the two-year statute of limitations, the federal standard. Thank you. There is another question. Thank you. I gather your insistence that there was compliance with the Maine Administrative Procedure Act hinges on your position that, in fact, the two regulations really are just one. Both deal with the statute of limitations, so that if there was any irregularity with respect to what we previously called the statute of limitations provision, it simply doesn't matter because there was Administrative Procedure Act compliance with the so-called look-back provision. If we don't accept your insistence that they're all one, do you acknowledge that there was not map of compliance with the statute of limitations two-year provision? Do you acknowledge that? If there are two separate substantive statutes of limitation or limitations periods in Chapter 101, then yes, Your Honor, it would be improper for the Department to have changed four to two. But there is only one. There has always been only one. We know now from the records back to 2007 when a statute of limitations first was put in the regulation that when the same mistake was made and we forgot to do the second one, the next year we came back to change it and people asked us not to, to go back to what they wanted and we said no, there's one statute of limitations and the legislature has already decided at that time that it would be four. So there is only one. Thank you. Your Honor, Eric Carlin for the School District. Could I reserve a minute? Yes. Thank you. This Court wisely sent this case back to the District. I think you better start with the waiver argument, please. Thank you. Were you counsel before? Yeah, I was counsel before, yes. And we did not waive this argument at all. It didn't exist in our minds at the time. Counsel, excuse me. When you sent it back to the District Court, we presented it to the District Court. Now, can you please not try to slide off the topic? Go back to why didn't you make the argument the first time around? You have said it didn't exist at the time. I believe my colleagues are ready to question you on that point. Well, the first, the Court of Appeals. Your opponent certainly saw the argument and he made it. And you were the one who chose not to challenge his framing of the case but to accept it. Well, it was his challenge on appeal. And he was arguing a MAPA argument about the second provision. And that was what I was up defending. That's so, counsel. But it was open to you to defend the District Court's decision at the time on any ground that was apparent from the record. There's no question that subsection F was discussed during the appeal. Yet you never made what to me is the obvious claim that section F was a dispositive answer to the entire question of the limitation spirit. I missed that argument as an argument that should have been made. So why isn't that a waiver that precludes you from making it now? Because this Court has the option of moving forward and finding the right answer to this case.  All right. I understand that we have the option because we have it within our power not to enforce a waiver. But I take it that you concede that a waiver did exist. I wish I had made the argument, Your Honor. Yes, I do. Absolutely. Counsel, if you were standing here alone without having the intervention of the Department of Education, which is not subject certainly to a waiver argument, how could you argue that, again, if you were advancing the very position that the Department of Education has elaborated, how could you argue that you had not waived that very argument if you were standing here alone? There are two bases. And I'm not arguing that I haven't waived it. I missed the argument back before. I was involved in the map-up. But I'm not arguing I didn't waive it. Counsel, you better be careful about the concessions you make. Have you actually looked at the law of waiver? I have looked at the law of waiver. And isn't there a difference between Apolli and Apollant on the waiver doctrine? Well, as the Apolli, I don't have to raise all the possible arguments. I'm defending against the arguments presented by the Apollant at that point in time. And the Apollant was making a pure map-up. Okay. That's your first argument. That is my first argument. I agree. What's your second one? My second argument is that there's substantial and critical new evidence since the last time that this case came down that screams out for consideration by this court, and we did not present it to you at that time. Are you referring to the Court of Appeals decisions? No, I'm not. Those are important, too. But I also want to highlight to this court the record that has come forward through the direction that you guys gave, and that's from 2007, and it's the supplemental addendum in the DOE's record regarding what the main legislature and the resolve issued by the entire legislature said about the first provision that we're wrestling with here, the one we all know was properly amended in the 2010 process. And at the state's supplemental addendum in 009, the legislature declares that that first provision is a filing limitation provision, not a look-back provision. We did not have that information before. We now do. The legislature says this rule must be amended and then cites the first provision, not the second provision, and says to clarify that the timeline for filing a due process hearing request is four years. Our legislature has said it is a filing limitation provision. They didn't reference the second provision. They referenced only the first provision, the one I was arguing with you about.  Two provisions were at issue. Two provisions went to the administrative process. Two provisions were presented to the legislature. But you're saying as early as 2007 this was all indisputably clear that there was only one statute of limitations? The legislature says it. The legislature says it. And that language, I know the years 2004, 2002, 2004 have changed a lot, but the functional language of these two rules has been identical through this whole time, identical also with the federal law. And this first provision, which looks like and has been called a look-back provision, is called by our main legislature through a resolve passed by the entire legislature in 2007 as a filing limitation provision. That's what they called it. Counsel, let me just ask you a question. I guess I call this basic fairness. Even if we were to ultimately agree with the Department of Education as to how these regulations should be read, so that going forward there is now clarity in the law that has not existed previously, why should your client get the benefit of that clarification of the law, given what would seem to be the clear waiver of your right to make that argument? How is that in any sense fair to the plaintiff who participated throughout until the remand on the theory that the challenge was to the 4-2 in the separate provision? How is that fair to the plaintiff? Well, I will tell you this. The school district has been in this court and through many levels of court trying to make a good argument in regard to a dilemma that it didn't create in the first place. And we've been in it from the very beginning trying to do that. And a ruling against us looking backwards as opposed to just looking forward will in essence codify a remedy cap which will impose a distinct decision. No, no, you're missing the point. Judge Lopez is suggesting even if prospectively we read the law the way you and the Department of Education want, why shouldn't we make an exception on some sort of fairness principle for Ms. S.? That seems a stern burden for the school district to bear when in fact we were defending against the arguments raised by the appellant on appeal last time. I'm guilty for your having missed the argument and not having gotten any advice from the Department of Education. You apparently chose to do this alone without any consultation with the state. I did not see the import of those arguments until the Third Circuit and the Ninth Circuit issued those rulings. And that's true. Even after the 2007 legislation? I didn't see that 2007 legislation because the 2007 piece wasn't in the record for this case until just now. Counsel, that Third Circuit decision I believe came down after the briefing was submitted in this case but before oral argument there was plenty of time to advise us of the position of those two, at least of the one circuit on this issue. I will just say when that Ninth Circuit decision came down, the next day I had it in front of a judge who had the case. The next day. But not the Third Circuit opinion. What's that? But not the Third Circuit opinion. I apologize. And the Ninth just followed the Third. I apologize. Thank you. Good morning, Your Honors. Richard O'Mara for the APOE, Ms. S. Listening to my two opponents today, I think the point you should take is the fact that Mr. Herlin, who represents many of the school districts in Maine and has been intimately involved in the statute of limitations and other regulations for the last 20 years, didn't make that argument was because it wasn't clear. What was clear was... Oh, Counsel, come on. He said he didn't think to make the argument. He did not say the argument was not clear. No, what I'm saying is the limitations periods being exactly the same thing, even though they're worded quite differently, it was not clear to anybody, including experienced practitioners in this area, that those two meant the same thing. So what Ms. Forster says, which is it's always been apparent to everyone involved in the system, that both things meant the same thing, is false. This statute of limitations that's in two different places in our regulations has changed multiple times, as we stated in our brief. It was four in part one and two in part two. Then it was four and four. Then it was two and four. And then through the unauthorized change, it was two and two. Counsel, I know these are not supposed to be ad hominem type proceedings, but your opponents do say, and I think they're referring to you specifically, that you participated in a legislative hearing where your testimony indicated you understood at that time that what was at issue was a statute of limitations provision, whether it should be two or four years. And they also suggest that you proceeded in a number of cases that you were handling. That is, you made filings in an attempt to get cases in before there would be a change from four to two years. So I gather the suggestion is that contrary to your advocacy position, you at least had a concern that there was indeed only a two-year statute of limitations provision, and it was clear. How do you respond to those suggestions? Because the look-back provision was being changed to two years, and that affected a number of cases. So we did file cases before that was going to take effect. That's absolutely true. And in my testimony, and I think if you look at it, it's written testimony, and I was very careful in that because I understood the problem. I said that the change purports to create a two-year statute of limitation filing. I think if you look at my letter, that's exactly what it says. Because the state was saying at the time, we are going to the federal two-year standard, and yet what it produced did not do that. And so it was a difficult situation. We obviously wanted to stop the change in the look-back provision, cutting that one back to two years because it did affect many parents. But we didn't want to flag the issue that, in fact, they weren't doing what they said they were doing. And then after it came down and they actually redid the for adoption version of the rule to actually include a two-year filing limitation, we then litigated that issue in several cases before the 2011 one, but they mostly resolved or the issue went away for some other reason. It wasn't until September of 2011 that we actually got a ruling from a hearing officer on the issue, and that's the first one where the hearing officer said that the view of the statute as having two different provisions that do two different things came down. Now, the state doesn't have a good explanation for why, in the face of that decision, it did nothing. Our view is that when a decision comes down... No, no, no. You heard her say that's independent. It doesn't bind the Department of Education. The Department of Education has no responsibility for it. That's an explanation. What's your counter? Our counter is it does bind the Department. The decisions of the independent hearing officers are binding on the Department. They actually have to enforce those decisions. They're binding in a particular case, but they don't have precedential value in other cases. Correct, but everybody was waiting, Your Honor, to see what the result of that case was, and that's exactly why Mr. Herlin didn't think of this argument, because we both litigated that case. We got the ruling from the Department's hearing officer about what the provisions meant, and from then on, from 2011, 2012, 2013, in every case, that's how these cases were structured, and the Department never intervened. I thought the state said no other hearing officer after that one adopted that point of view. Is that correct? They didn't have to because we didn't disagree on it. Is that correct? There's no other decision from a state hearing officer making that ruling, but we did have statute of limitations proceedings in many cases about when the statute began, and the backdrop was always the decision from 2011 as to how these are to be interpreted, and we went forward on there to litigate the issues of fact. Was that cited in further cases and that ruling applied? Judge Salyer just said, and you just agreed, it has no precedential value. It doesn't have formal precedential value in the sense that it binds any other hearing officer. However, that was the way all practitioners and all hearing officers treated the issue for the next six years. It wasn't until the Department intervened in this case in 2017 that we had a different view, which is that it had always been one statute, not two. For the six years between 2011 and 2017, every case that was litigated was litigated on what's the look back provision, what's the filing limitation, did the facts of the case merit that, and of course there were exceptions that are in the federal and the state rule, which we had to litigate in several cases as well. I don't think it matters for this argument, but I want to make it clear that the practical effect of the hearing officer's ruling in 2011 was to flag for the whole community what this regulation meant, and the significant thing for this appeal is that the Department did nothing to dissuade the community of schools or parents of kids with disabilities that that was wrong. Every case went forward with that as the backdrop assumption. If this had been such an abomination of somehow eliminating the single statute of limitations and putting it into two parts, one would have thought there would be a guidance. And if you look online, the Department enters guidances about every issue possible, guidances on every issue in special education, but there's nothing about this guidance saying that it should be just a one statute of limitations across the board. Counsel, do you, I guess you probably don't, but I'll ask you anyhow. I think it's probably pretty clear in your brief that how could law, there's no waiver argument that applies to the Department of Education, would you agree? I would agree that they have not waived any arguments because they were not in the case until recently, yes. And what about the law of the case doctrine? How does that work here? I ask that because, as you know, Judge Lynch and I were very much involved in that earlier decision. We didn't have a clue, I think it's fair to say, because of the way it was argued that there was a claim that we were dealing with two very different provisions. So to the extent that we commented on the difference between the two provisions and how they might both serve different purposes, we were accepting the premise that there were, in fact, two provisions. Nobody made the argument to us that is now being made that, in fact, they are one. So how could there be, in light of the premise that we accepted, although we did not analyze the argument that's now being made here, how is there a law of the case argument here? I think there's still a law of the case, Your Honor, because, first of all, the Department could have intervened in this action whenever it saw fit. It's aware of this litigation. It could have come in at any time. It chose not to. Even if that's so, and I doubt very much that it is, that's not a law of the case argument. That's looking for some sort of issue preclusion, right? Law of the case means that there's something in the decision of the prior panel that should prevent inquiry at further stages of the litigation, including on this appeal. That's a doctrine which, in my experience, applies to holdings of the prior panel. And I struggle with the notion of how you can conceivably classify what the prior panel said regarding subsection F as a holding since that issue was never briefed and argued to that panel. You're right that the issue was not briefed and argued. That goes to the waiver. But the remand order was an attempt to narrow the case, to actually come up with the process that would happen after it left this court. And to do the remand order, this court had to make certain rulings on what the statutes that were before it meant. And it did. It said they were unambiguous, that one was a look back, one was a filing limitation, and sent the matter back to Judge Levy to make sure that he correctly went through the Administrative Procedure Act analysis on what was left. So then I'll say we're going to overturn the uppercut. You're drawing a distinction between what was said in the opinion and the remand order, and you're conceding that the opinion itself contains no holding on subsection F, but you say that in the remand order there is an implicit ruling on subsection F, which you read in a certain way, which you say creates law of the case. Is that the argument? My argument is that this court, in ordering remand to Judge Levy... Answer yes or no, please, and then you can explain it. Yes. It's our argument, Your Honor, that by ordering the remand, yes, you did have to... No. Yes as to the opinion. You concede that there was nothing in the opinion that is a holding on subsection F. Yes, because it wasn't contested. Okay. I understand that. Okay. So then you say in the remand order there was an implicit ruling that was not present in the opinion on the meaning of subsection F. That's the argument? Yes, because implicit... Does that argument depend on specific language in the remand order? Yes, because this court... What's that language? This court found that the provisions were unambiguous. Give me the language, not your impression of what the language characterized. You say there's a remand order. That order has to have provisions. You're now telling me one of those provisions, all right, precludes any further constitutes law in the case and says that we can't go on to interpret subsection F. And I want to know what language in the remand order says that, because I'm not aware of any such language. I'm looking for help. I have the opinion here. Let me find the spot. Well, counsel, let me cite some language to you, if I might. In a section called MAPA's Summary and Guidance on Remand, we say we thus remand the case to the district court to re-evaluate the validity of the two-year filing limitation. On remand, the district court's resolution of the validity of the two-year filing limitation rule should apply the MAPA provided judicial review framework. Again, we assumed that there was no problem with the so-called look-back provision. Our focus was on that two-year provision, and was it adopted in compliance with MAPA? It seems to me there is a fair argument that when we say the district court is to re-evaluate the validity of the two-year filing limitation, that's really what the Department of Education is arguing in a way that we would never have anticipated for sure. But they are arguing that that two-year provision is valid in kind of a backwards way. They're saying it's valid because, well, the look-back was adopted with MAPA compliance. But I think it would be hard to argue that the guidance that they were trying to give to the district court was not intended to establish the validity of the two-year limitation. That would seem to me to be a fair reading of what we said and what they did. Well, my side of the question is that by sending it back to Judge Levy to take a look at the MAPA compliance with respect to the second part definitely assumes that the first part's passage in compliance with MAPA does not answer the question. Otherwise, there's no reason for Judge Levy to do any more work. The whole remand order is premised on the fact that these are two different animals and that he has to focus on the second one and see whether that part, unlike the first or like the first, passed in compliance with the statute. Let me also comment on your ambiguity point. When we said there was no ambiguity, we said that two does not mean four or four does not mean two. There was no ambiguity about what those words meant. Again, because of the way in which the case was argued to us, we didn't have a clue that there was an argument that these two provisions might be in fact one. And so I do think there has been some misapplication of our reference to there's no ambiguity here. Again, that ambiguity only went to what the words four and two mean, not to this larger question of how these two provisions interact with each other. So I understand that, Your Honor. But again, the case wouldn't have gone back on remand if this Court wasn't convinced, even if it was accepted by all the parties and that convinced the Court that the look-back provision was different from the filing limitation. And that's exactly the position that the hearing officers took in 2011. It's a position we've all been dealing with for the five or six years after that before it came to this Court. I leave you with one thing. Thank you, Mr. Amar. Thank you. Counsel, can I? I don't mean to interrupt you, but I guess I do mean to interrupt you with a question. I mean, your concern here is to get the law clarified, right? That's your overall concern. Isn't that correct? Our concern? Yes. Our concern is to validate that we properly applied the Administrative Procedures Act and adopted a two-year, one single two-year statute of limitations for due process hearings. You're right, Your Honor. Right. And, in fact, you actually say that the district here, working with the appellant, really I think your word is sort of disfigured the argument that there is actually just one statute of limitations. You're actually very critical of the way in which the district argued this case. Would it trouble you if the outcome of this proceeding was a clarification of the law going forward, but the application of waiver to the district for the way in which it argued this case? Would that bother you? It would bother me, the State, only because the district has borne an extraordinary financial burden, and that's a burden on the district's taxpayers of financing this litigation, but the Department of Education wants a ruling that clarifies and makes certain that henceforth and forevermore until the legislature acts again. And what about the burden on the plaintiff having litigated this case on one assumption until the remand proceedings? What about that burden? The State doesn't disagree that special education proceedings constitute burdens on families and on taxpayers of school districts. I'm sorry, have I not answered your question? Yes, you've answered it. Thank you very much, Your Honors. I come up here hesitantly, but do bear in mind, we're hoping you don't impose some sort of penalty here, but a caution about how it might ripple backwards, too, because there are claims in other cases and other situations that could reawaken if this is viewed as a remedy cap. You mean there are other cases in which you may have waived the argument, and if we adopt waiver here, suddenly they're going to come back to life, but you don't know whether that's true or not? I wouldn't put it that way. No, but I just did. I understand, and I don't think that that's accurately so, that a waiver concept would play out there, but I'm just saying the issue impacts not just this particular set of parties. So what is it that you're saying? I mean, if you're right on the law, you're right on the law. If you've waived, you've waived. So what is it that you want us to give special consideration for? I think we're right on the law, and I think the outcome should just be based upon the law, Your Honors. I don't know what you're going to do with the waiver issue, frankly, but hopefully you'll address it, and of course you'll address it carefully. My time's up, but I did want to point out again with the 2011 hearing decision that It's not so clear that plaintiff would win even if there was waiver, right? Because it's not so clear that there was a deprivation of fate during those years. Right, so if that went all the way back, we'd be litigating something from eight years ago. Yes, of course you would, but this isn't a yes-no ratchet. I understand. It's a more complicated issue. Thank you for appreciating that. Thank you. Thank you.